United States District Court
Southern District of Texas
**ENTERED**
January 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMAL MARTINEZ HANCOCK, (TDCJ # 01133210), <br><br> Plaintiff, <br><br> vs. <br><br> 179TH DISTRICT COURT OF HARRIS COUNTY, TEXAS, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. H-24-4710 |

**MEMORANDUM OPINION AND ORDER**

Jamal Martinez Hancock, (TDCJ # 01133210), is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division. Representing himself, he filed a civil-rights complaint under 42 U.S.C. § 1983, naming the 179th District Court of Harris County and the Texas Court of Criminal Appeals as defendants. (Docket Entry No. 1). Because Hancock is currently incarcerated, his action is governed by the Prison Litigation Reform Act (PLRA), which requires the court to screen complaints filed by prisoners seeking relief against the government as soon as possible and dismiss those claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from defendants who are immune. *See* 28 U.S.C. § 1915A(a), (b). Having conducted the required review, the court dismisses this action with prejudice. The reasons are explained below.

**I.      Background**

In 2002, a jury found Hancock guilty of murder in Harris County Cause Number 926994 and assessed punishment of 99 years' incarceration. *See Hancock v. State*, No. 01-02-01186-CR, 2004 WL 253272, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2004, no pet.) (*mem. op., not*

*designated for publication*). The Fourteenth Court of Appeals affirmed Hancock's judgment of conviction. *Id.* Hancock did not file a petition for discretionary review in the Texas Court of Criminal Appeals. *Id.*

In 2014, Hancock filed an application for a state writ of habeas corpus, alleging that his due process rights were violated during trial by a biased in-court identification process, ineffective assistance of counsel, and false evidence presented by the state. *See Hancock v. State*, Writ No. WR-76,398-03 (Tex. Crim. App. Mar. 11, 2015), available at www.txcourts.gov (visited Jan. 10, 2025). The Court of Criminal Appeals denied relief without a written order. *Id.*

In 2016, Hancock filed a petition for a federal writ of habeas corpus, raising one claim concerning the allegedly biased in-court identification process and four claims of ineffective assistance of counsel. *See Hancock v. Davis*, No. 4:16-cv-2388 (S.D. Tex. Aug. 25, 2016). He acknowledged that his claim was untimely, but he argued that the court should review his petition on the merits under the actual innocence exception to the limitations period. *Id.* at Dkt. 1, p. 10. This court found that Hancock had not satisfied the requirements of the actual innocence exception, and it dismissed the petition as barred by limitations. *Id.* at Dkt. 7. The United States Court of Appeals for the Fifth Circuit affirmed the dismissal. *See Hancock v. Davis*, 906 F.3d 387 (5th Cir. 2018). The United States Supreme Court denied Hancock's petition for writ of certiorari. *See Hancock v. Davis*, 139 U.S. 2714 (2019).

In October 2021, Hancock filed a second application for a state writ of habeas corpus. (Docket Entry No. 3-1). He alleged that he had recently discovered that the state had suppressed several Harris County Sheriff's Department investigative reports in violation of a trial court order and *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.* at 7-8). He alleged that the contents of those reports showed that the state had knowingly used false testimony to obtain his conviction in

2

violation of *Giglio v. United States*, 405 U.S. 150 (1972). (*Id.* at 9-10). He also renewed his claim that his in-court identification was biased. (*Id.* at 11-12). Hancock alleged that he could not have raised the *Brady* and *Giglio* claims in his original habeas application because he was unaware of the suppressed reports until they were produced in response to his 2020 Texas Public Information Act request. (*Id.* at 5, 7). He offered no explanation for the 18-year delay between his conviction and his Public Information Act request. The Court of Criminal Appeals dismissed Hancock's application as a subsequent application under Texas Code of Criminal Procedure article 11.07, § 4(a)-(c), on January 12, 2022. *See Hancock v. State*, Writ No. 76,398-05 (Tex. Crim. App. Jan. 12, 2022), available at www.txcourts.gov (visited Jan. 10, 2025)

In June 2022, Hancock filed a petition in the Fifth Circuit, requesting authorization to file a second or subsequent federal habeas petition. *See In re Hancock*, Appeal No. 22-20309 (5th Cir. Aug. 25, 2022). The Fifth Circuit denied that petition. *Id.* at Dkt. 23. In doing so, the Fifth Circuit specifically determined that Hancock had "not shown why the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." *Id.*

In May 2023, Hancock filed a "Suggestion to Reconsider" in the Texas Court of Criminal Appeals, contending that the court should reconsider his second habeas application because the state habeas trial court had not complied with the requirements of article 11.07, § 3(d). (Docket Entry No. 3-8, pp. 20-25). The Court of Criminal Appeals denied the motion in April 2023. (*Id.* at 20). In August 2023, Hancock filed a petition for writ of mandamus in the Court of Criminal Appeals, asking it to order the state habeas trial court to conduct further proceedings. (*Id.* at 28-32). The Court dismissed that petition the same month. (*Id.* at 27).

In November 2024, Hancock filed this civil-rights action under § 1983, naming the 179th District Court in Harris County and the Court of Criminal Appeals as defendants. (Docket Entry

3

No. 1, p. 4). He alleges that these courts violated his due process rights when they failed to resolve factual disputes and make factual findings before dismissing his second state habeas application as a subsequent application. (Docket Entry Nos. 1, p. 4; 3-1, p. 1). He contends that the dismissal resulted from an inadequate state process that violated his procedural due process rights. (Docket Entry No. 2, pp. 6-7). As relief, he asks this court to issue a declaratory judgment finding that the defendants violated his due process rights. (*Id.* at 9). He also asks this court to declare that article 11.07, § 4(a)(1) is unconstitutional as it was applied to him. (*Id.*). Hancock does not request injunctive relief, nor does he seek either immediate or speedier release from prison.

## II.    The Legal Standards

### A.    Actions Under 42 U.S.C. § 1983

Hancock sues the defendants under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, the plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

4

## B.     The Prison Litigation Reform Act

The PLRA, which governs Hancock's action, requires the court to examine the legal and factual basis of a prisoner's civil-rights complaint and dismiss the case if it determines that the claims are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b); *see also* 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing the complaint, the court must construe all allegations "liberally in favor of the plaintiff," "take[] all facts pleaded in the complaint as true," and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the complaint must be dismissed, even before service on the defendants. *See In re*

5

*Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C. Pleadings filed by Self-Represented Litigants

Hancock is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. Discussion

### A. The Nature of Hancock's Action

In the usual case, claims arising from state habeas corpus proceedings are raised in this court in a petition for a federal writ of habeas corpus filed under 28 U.S.C. § 2254. But when a prisoner challenges only the constitutionality of the procedural rules used to continue his detention, the constitutional challenge may be raised in a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). But an action under § 1983 is available only if the prisoner is challenging solely the validity of the procedural rules themselves rather than the application of those rules to the prisoner's specific case. *Id.*; *see also Wolff v. McDonnell*, 418 U.S. 539, 553-54 (1974) (prisoners could pursue a § 1983 claim for a declaration that the state's disciplinary procedures were invalid

because they were challenging only the "wrong procedures, not . . . the wrong result"). Further, "a state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82.

Hancock's complaint purports to challenge only the constitutionality of the procedures the defendants used when ruling on his second state habeas application. He seeks a declaration that the procedures were invalid rather than an injunction ordering his immediate or speedier release from prison. Further, success in his action would not demonstrate the invalidity of his confinement or its duration; instead, it would simply entitle him to further proceedings on his second state habeas application. Because Hancock's claims appear on their face to be properly raised in a § 1983 action, the court will address them under the law applicable to such actions.

## B.    Statute of Limitations

Hancock alleges that the defendants violated his procedural due process rights when ruling on his second application for state habeas relief. Because those rulings occurred more than two years before Hancock filed this action, his claim is barred by the statute of limitations.

There is no federal statute of limitations for actions under § 1983, so the federal courts borrow the forum state's general personal injury limitations period. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019), *as revised* (July 2, 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "Texas has a two-year statute of limitations for personal injury claims[,]" so a civil rights plaintiff in Texas has two years from the date the claims arise to file suit. *Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). But while Texas law

7

determines what limitations period applies, federal law governs when a § 1983 claim accrues. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam). As a result, a Texas prisoner's § 1983 claim brought more than two years after he knew or had reason to know of his injury is barred by limitations. This limitations period applies to § 1983 actions alleging due process violations. *See Brown v. Dretke*, 184 F. App'x 384, 385 (5th Cir. 2006) (per curiam) (noting that two-year statute of limitations applied to prisoner's § 1983 claim seeking to invalidate state procedural rules).

Hancock's complaint alleges that his due process rights were violated during the proceedings on his second state habeas application. The attachments to Hancock's complaint and publicly available records show that the 179th District Court transmitted his application to the Court of Criminal Appeals without proposed findings of fact on December 17, 2021. (Docket Entry No. 3-8, p. 8). The Court of Criminal Appeals dismissed it as a subsequent application on January 12, 2022. (*Id.* at 18). But Hancock did not file his current complaint until November 2024, well beyond the two-year deadline. Neither Hancock's unauthorized "suggestion to reconsider" filed in the Court of Criminal Appeals in March 2023 nor his August 2023 petition for writ of mandamus extend the limitations period. *See Ex parte Roy*, 662 S.W.3d 927, 928 (Tex. Crim. App. 2022) (Yeary, J., concurring in part) (noting that "Rule 79.2(d) of the Texas Rules of Appellate Procedure prohibits applicants from filing motions for rehearing following the issuance of an order denying relief or dismissing the writ application"); *cf. Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (filing a petition for writ of mandamus that seeks an order directing the trial court to perform its duties does not extend the habeas statute of limitations); *Weathersby v. Horton*,

8

Civil No. 3:12cv95 CWR-LRA, 2013 WL 635275, at *2 n.3 (S.D. Miss. Jan. 11, 2013) (neither a petition for writ of mandamus nor a motion for an out-of-time appeal warrants tolling the statute of limitations), *report and recommendations adopted*, 2013 WL 635274 (S.D. Miss. Feb. 20, 2013).

Claims that are plainly barred by the applicable statute of limitations may be dismissed as legally frivolous. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Gartrell*, 981 F.2d at 256. Because Hancock waited more than two years from the time his due process rights were allegedly violated to bring this action, his lawsuit is dismissed with prejudice as barred by limitations and as legally frivolous under 28 U.S.C. § 1915A(b)(1).

## C. Failure to State a Claim

Even if Hancock's action was not barred by limitations, the court would dismiss it because he fails to state a claim upon which relief can be granted. Hancock's complaint alleges procedural due process violations. "The protections of the Due Process Clause are only invoked when state procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). In determining whether a due process violation has occurred, courts consider two elements: (1) whether the plaintiff has a liberty or property interest that is entitled to procedural due process protection; and (2) if so, what process is due. *See Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976).

The court will assume, without deciding, that Hancock has a protected liberty interest in pursuing relief from his judgment of conviction through a second or subsequent state habeas application. *See Lonchar v. Thomas*, 517 U.S. 314, 324 (1996) (recognizing that a departure from the procedural rules governing first habeas petitions could violate due process and that the same

9

could be true "[e]ven in the context of second or successive petitions"). But he has not alleged facts showing that he was denied any process that was due.

Under Texas law, when a prisoner files a second or subsequent application for state habeas relief, the court may not consider the merits or grant relief unless "the application contains sufficient specific facts establishing that . . . the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application. TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(1). A claim is unavailable "if the factual basis was not ascertainable through the exercise of reasonable diligence" before the applicant's first habeas application was filed. *Id.* at § 4(c).

Hancock alleged in his second state habeas application that he did not know about the alleged *Brady* and *Giglio* violations until he received a public records request response in 2020—five years after his first state habeas application was denied. The state answered that Hancock "should have known" and "could have learned" of the undisclosed reports during the twelve years after he was convicted and before he filed his first state habeas application had he exercised reasonable diligence. Hancock contends that the state's answer resulted in controverted facts concerning his knowledge, which required the state habeas trial court to conduct further proceedings under article 11.07, § 3(d). Hancock alleges that the courts failure to conduct such proceeding violated the requirements of article 11.07, § 3(d), and so violated his procedural due process rights.

The flaw in Hancock's argument is that article 11.07 requires the state habeas trial court to conduct further proceedings only in certain circumstances. After receiving the state's answer to a habeas application, the state habeas trial court must "decide whether there are controverted,

10

previously unresolved facts material to the legality of the applicant's confinement." TEX. CODE CRIM. PROC. art. 11.07, § 3(c). If so, the court must designate the facts to be resolved, conduct such proceedings as are necessary to resolve the controversy, make findings of fact, and transmit those findings to the Court of Appeals. *Id.* at § 3(d). But if the state habeas trial court does not find that controverted facts exist that are material to the legality of the applicant's confinement, no such fact-finding obligation arises. Instead, in that instance the state habeas trial court must "immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made." *Id.* at § 3(c). And if the state habeas trial court fails to designate controverted facts within twenty days of receiving the state's answer, that failure is deemed to be a finding that no material controverted facts exist. *Id.*

The records of Hancock's second state habeas proceeding show that the state habeas trial court transmitted the record to the Court of Criminal Appeals without having conducted further proceedings and without making findings of fact. Implicit in this transmittal is a determination that no controverted facts material to Hancock's confinement existed. While Hancock insists that this determination is wrong, his disagreement with that determination is not a challenge to the constitutionality of the procedures themselves. Instead, Hancock asks this court to declare that controverted facts existed and that the state habeas trial court was wrong in concluding otherwise. This type of challenge, which does not attack the general habeas procedures but instead argues that the courts wrongly determined that controverted facts did not exist, fails to state a claim for relief under § 1983. *See Wolff*, 418 U.S. at 553-54 (a § 1983 claim seeking a declaration that the state's procedures are invalid lies only when the prisoner is challenging the "wrong procedures, not . . . the wrong result"); *see also Jeffery v. Owens*, 216 F. App'x 396, 397 (5th Cir. 2006) (per curiam) (a prisoner could not proceed under § 1983 when he did not challenge the general parole

11

procedures but instead argued that the Parole Board wrongly considered certain arrests when denying him parole because granting that relief would imply that the result of the proceedings was wrong).

Hancock also contends that the Court of Criminal Appeals abandoned its role as the "ultimate factfinder" because it did not resolve the allegedly controverted facts. He appears to base this argument on the dismissal without a written order. But nothing in article 11.07 requires the Court of Criminal Appeals to issue written order to support a decision, so the lack of either written findings or a written order is not a departure from the procedural rules. Hancock's disagreement with the Court of Criminal Appeals' decision, rather than the process it used to reach that decision, does not state a claim upon which relief can be granted in a § 1983 action.

Because article 11.07 does not require either the state habeas trial court or the Court of Criminal Appeals to hold a hearing, prepare written findings of fact, or otherwise explain their reasoning in every case, Hancock's disagreement with the courts' failure to take these actions does not allege a departure from the procedural rules. In addition, his disagreement with the implicit determination that he did not make the showing necessary to entitle him to pursue a subsequent habeas application is a challenge to the result of the proceedings rather than the procedures used. Neither disagreement states a claim for relief under § 1983. Even if Hancock's action was not barred by limitations, it would be dismissed for failing to state a claim.

## IV. Conclusion

Based on the above, the court orders as follows:

1. Hancock's civil-rights action, (Docket Entry No. 1), is dismissed with prejudice under 28 U.S.C. § 1915A(b).

2. Any pending motions are denied as moot.

3. Final judgment will be separately entered.

4. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on January 17, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge